UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARK A. SMITH,

                              Plaintiff,

                                                   **DECISION**
           -v-                                        **and ORDER**

DR. JOHN ALVES, M.D.,                                     **O3-CV-324F**

                              Defendant.
_____

APPEARANCES:          MARK A. SMITH
                              Plaintiff *Pro Se*
                              Box 782
                              Rhinebeck, New York 12572

                              ELIOT L. SPITZER
                              ATTORNEY GENERAL, STATE OF NEW YORK
                              Attorney for Defendant
                              MICHAEL A. SIRAGUSA
                              ASSISTANT ATTORNEY GENERAL, OF COUNSEL
                              Statler Towers, Fourth Floor
                              107 Delaware Avenue
                              Buffalo, New York 14202

## JURISDICTION

The parties have consented to proceed before the undersigned pursuant to 28 U.S.C. § 636(c). The matter is before the court on the Defendant's motion, dated June 28, 2004, for summary judgment (Docket No. 37).

## BACKGROUND

Plaintiff commenced this § 1983 action on April, 21, 2003, claiming a violation of the Eighth and Fourteenth Amendments for alleged deliberate indifference to his

medical needs (Docket No. 1).  On May 3, 2003, Plaintiff was granted *in forma pauperis* status, however, his request for assigned counsel was denied (Docket No. 4).  Additionally, Plaintiff's equal protection claim and a claim against another physician were dismissed.  On June 4, 2003, Defendant filed an Answer to the Complaint (Docket No. 6).  Defendant moved for summary judgment on June 28, 2004, arguing that Plaintiff has not established a sufficiently serious injury and that Defendant is shielded by qualified immunity (Docket No. 37).

Plaintiff filed a response to the motion on August 26, 2004 (Docket Nos. 43-45).  Oral argument was deemed unnecessary.  For the following reasons, Defendant's motion for summary judgment is GRANTED.

## **FACTS**[1]

At the time of the alleged deprivation, Plaintiff was an inmate in the custody of the New York State Department of Correctional Services incarcerated at the Southport Correctional Facility.  Plaintiff was diagnosed with a herniated disk in his lower back, and was treated with pain medication, anti-inflammatory medications, electronic stimulation and  physical therapy.  Plaintiff alleges that Defendant terminated his physical therapy sessions in deliberate indifference to Plaintiff's medical needs.

In support of the motion for summary judgment, Defendant submitted a declaration in which Defendant summarized Plaintiff's medical care while Plaintiff was

---

[1] This factual statement is taken from the pleadings and papers filed in the action.

housed at Southport (Docket No. 38).[2]  Plaintiff suffers from a herniated disk in his lower back which was diagnosed in April 1999 (Docket No. 38, ¶ 5).  While at Southport, his back condition was treated with pain medication, anti-inflammatory medication, physical therapy, transcutaneous electrical nerve stimulation (TENS), a double mattress and home exercise.  *Id.*  Plaintiff had diagnostic X-rays, including an MRI, and was seen by outside specialists, including a neurosurgeon.  *Id.,* ¶ 7.

In September 2002, Plaintiff was prescribed a physical therapy regime (Docket No. 38, ¶ 8).  Plaintiff attended the sessions on September 9, 18, and 26, and October 1, and 4, 2002.  *Id.,* ¶ 9.  On October 9, 2002, Plaintiff was involved in a physical altercation with corrections officers, and therefore did not attend physical therapy on October 7, 14, and 16, 2002, stating that he was physically unable.  *Id.,* ¶¶ 10-11.  On October 17, 2002, a facility nurse attempted to speak with Plaintiff regarding the missed sessions, but Plaintiff was uncooperative.  *Id.,* ¶ 13.  Because Plaintiff had missed five of twelve scheduled sessions, including September 16, and 23, 2002, Defendant cancelled Plaintiff's physical therapy.  *Id.*

On October 25, 2002, Plaintiff was examined by a nurse practitioner.  Plaintiff was prescribed a different pain medication and was advised to continue with his exercise program.  *Id.,* ¶ 16.  Plaintiff was familiar with the exercises as indicated in the notes of his physical therapy sessions.  *Id.,* Exh. A.  On November 27, 2002, Plaintiff filed a grievance seeking to have his physical therapy reinstated.  At that time, Defendant determined that physical therapy was not medically necessary.  *Id.,* ¶20.

---

[2]  Plaintiff's medical records are attached to Docket No. 38 as Exhibit A.

On December 31, 2002, Plaintiff requested and was prescribed a stronger pain medication. *Id.,* ¶ 20.  On January 28, 2003, Defendant referred Plaintiff to a neurosurgeon for further evaluation and recommendation for further treatment. *Id.,* ¶ 24.  Between January and June 2003, Plaintiff continued to take medication for his pain, including Tylenol with codeine and Darvocet. *Id.,* ¶¶ 25-27, 31, 36.  On March 24, 2003, Plaintiff requested a TENS unit and a double mattress. *Id.,* ¶ 29.  Plaintiff was seen by the neurosurgeon on June 18, 2003.  The specialist diagnosed lower back pain and paresthesia of the left leg, but Plaintiff indicated he was not interested in surgery. *Id.,* ¶ 37.

On June 22, 2003, Defendant ordered additional spinal x-rays and an MRI. *Id.,* ¶ 38.  The MRI of July 17, 2003 indicated "left lateral HNP ("herniated nucleus pulposus" or herniated disk) abutting and slightly deviating the proximal left L3 spinal nerve, and L5-S1 posterior disk bulge barely abutting the ventral margins of the S1 nerve roots" without displacement. *Id.,* ¶ 40.  No other abnormalities were noted.  Plaintiff continued to take medication for the back pain. *Id.,* ¶¶ 41, 48.  On October 1, 2003, Plaintiff was again sent to the Neurosurgery Clinic for a follow-up visit, however, the neurosurgeon made no new recommendations. *Id.,* ¶ 47.

On October 7, 2003, Plaintiff was involved in another altercation with corrections officers, after which he again complained of back pain. *Id.,* ¶ 49.  On October 20, 2003, Plaintiff complained of severe back pain and was seen by a nurse, who advised bed rest and Flexaril, 10 mg., three times daily. *Id.,* ¶ 51.  In November 2003, Plaintiff requested an increase in the dosage of Darvocet, but the medical staff saw no apparent

reason for increasing the dosage and therefore denied Plaintiff's request.  *Id.,* ¶ 55.

On November 25, 2003, Defendant ordered physical therapy and a plan was devised for twice weekly sessions.  *Id.,* ¶ 56.  Defendant stated that ongoing physical therapy for a chronic condition is not considered an "emergent medical need."  *Id.,* ¶ 57.  During the year between the cancellation and resumption of Plaintiff's physical therapy regime, Plaintiff was treated with medication, referred to outside specialists, utilized a TENS unit, was given a double mattress, and was advised to continue home exercises.  *Id.*

In opposition to the motion, Plaintiff states that he did not willingly refuse to attend his physical therapy sessions, but was unable to attend the sessions due to pain and unrelated injuries.  Plaintiff states that the termination of his physical therapy, without a prior evaluation of his condition, demonstrated a deliberate indifference to Plaintiff's medical needs.  (Docket No. 44, ¶ 19).

## DISCUSSION

**1. Summary Judgment Standard**

The standard of review on a motion for summary judgment is well established. Summary judgment will be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  The burden of establishing that no genuine factual dispute exists rests on the party seeking summary judgment.  *See*

*Chambers v. TRM Copy Ctrs. Corp.,* 43 F.3d 29, 36 (2d Cir. 1994). The movant may discharge this burden by demonstrating that there is an absence of evidence to support the nonmoving party's case on an issue on which the non-movant has the burden of proof. *See Celotex*, 477 U.S. at 323.

If the moving party meets its burden of demonstrating the absence of any genuine issue of material fact, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The function of a district court in considering a summary judgment motion is not to resolve disputed issues of fact, but to determine whether there is a genuine issue to be tried. *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1224 (2d Cir. 1994). In assessing the record, including any affidavits, exhibits, and other submissions, the court is required to resolve all ambiguities and to draw all factual inferences in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986); *Rattner v. Netburn,* 930 F.3d 204, 209 (2d Cir. 1991). The nonmoving party may not rest upon unsubstantiated allegations, conclusory assertions or mere denials, but must set forth and establish specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). A metaphysical or other whimsical doubt concerning a material fact does not establish a genuine issue requiring trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 584 (1986). If there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper. *Chambers,* 43 F.3d at 37.

## 2. Deliberate Indifference to Medical Needs

Inadequate medical care violates the Eighth Amendment's proscription against cruel and unusual punishment when a defendant acts with "deliberate indifference to [a prisoner's] serious medical needs." *Harrison v. Barkley,* 219 F.3d 132, 136 (2d Cir. 2000) (quoting *Estelle v. Gamble,* 429 U.S. 97, 104 (1976)). The "deliberate indifference" inquiry has both a subjective and objective factor. *Chance v. Armstrong,* 143 F.3d 698, 702 (2d Cir. 1998). Objectively, Plaintiff must demonstrate "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Morales v. Mackalm,* 278 F.3d 126, 132 (2d Cir. 2002) (quoting *Hathaway v. Coughlin,* 37 F.3d 63, 66 (2d Cir. 1994)). Among the relevant factors for determining whether a serious medical need exists are "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance*, 143 F.3d at 702 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992). At the same time, however, "[a]n assertion of pain sensation alone, unaccompanied by any large medical complications, does not amount to a serious medical need under the Eighth Amendment." *Livingston v. Goord*, 225 F.Supp.2d 321, 329 (W.D.N.Y. 2002) (quoting *Inciarte v. Spears*, 1998 WL 190279, *3 (S.D.N.Y. April 20, 1998)).

With respect to the subjective component, the court must consider whether the deprivation was brought about by defendants in wanton disregard, or deliberate indifference, of the inmate's constitutional rights. *Wilson v. Seiter*, 501 U.S. 294,

298-99 (1991).  To establish such deliberate indifference, therefore, plaintiff must prove that the defendants had a culpable state of mind and intended wantonly to inflict pain.  *See Wilson*, 501 U.S. at 299; *Ross v. Kelly*, 784 F.Supp. 35, 44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040 (1992).  Plaintiff must demonstrate that defendants were (1) aware of facts from which the inference could have been drawn that a substantial risk of serious harm existed, and (2) that defendants in fact drew such an inference.  *See Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *Morales v. Mackalm,* 278 F.3d at 132.

"Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation."  *Smith v. Carpenter,* 316 F.3d 178, 184 (2d Cir. 2003).  Rather, the plaintiff must allege conduct that is "repugnant to the conscience of mankind," *Estelle v. Gamble,* 429 U.S. at 102, or "incompatible with the evolving standards of decency that mark the progress of a maturing society," *id.* at 105-06.  Likewise, a disagreement as to the appropriate course of treatment is not a sufficient basis for a deliberate indifference claim.  *Chance,* 143 F.3d at 703.  Although a prisoner has a right to medical care, "there is no right to the medical treatment of one's choice." *McCloud v. Delaney*, 677 F.Supp. 230, 232 (S.D.N.Y.  1988).  "So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."  *Chance,* 143 F.3d at 703.

Viewing the record in the light most favorable to Plaintiff, and drawing all

reasonable inferences in his favor, it is apparent that this case presents no more than a disagreement between Plaintiff and Defendant over the specific nature of his medical condition and the best course of treatment for this condition.  Plaintiff's extensive medical record (Docket No. 38, Exh. A) indicates that Plaintiff was seen a number of times by the facility medical staff, and that they responded to his complaints of pain, ordered spinal x-rays and an MRI, and prescribed medications for his pain.  Plaintiff was also seen twice by a neurosurgeon, and eventually was put back on a physical therapy regime.  That Plaintiff felt he should have been treated with physical therapy does not amount to an Eighth Amendment violation.  *See Rodriguez v. Yin*, 328 F.Supp.2d 414 (W.D.N.Y. 2004) (conservative treatment for back pain and herniated disk did not rise to the level of deliberate indifference).

Moreover, even if the denial of physical therapy for Plaintiff's chronic back condition satisfied the objective prong, Plaintiff cannot, based on this record, satisfy the subjective component of the deliberate indifference inquiry.  Specifically, there is no evidence that Defendant was aware that a substantial risk of serious harm to Plaintiff existed, because there was no such risk in terminating physical therapy for Plaintiff's chronic condition.  Plaintiff fails to point to any evidence to the contrary.  Plaintiff was regularly seen by the medical staff at Southport, his back condition was treated with medication, he was sent for neurosurgery consultations, and was ultimately rescheduled for continued physical therapy.

For these reasons, the court finds that Plaintiff has not presented any admissible evidence creating a genuine issue of fact concerning either the objective or subjective component of the Eighth Amendment standard.  In sum, is simply no evidence upon

which a rational factfinder could conclude either that there was a "sufficiently serious" deprivation of Plaintiff's rights, *Hathaway*, 37 F.3d at 66, or that Defendant was deliberately indifferent to Plaintiff's needs as regards his chronic back pain. Defendant's motion for summary judgment is therefore GRANTED. As the court finds that there is no genuine issue for trial, it is unnecessary to address Defendant's alternative qualified immunity defense.

## **CONCLUSION**

The Defendant's motion for summary judgment is GRANTED (Docket No. 37). The Complaint is dismissed and the case closed.

**Any appeal to the United States Court of Appeals for the Second Circuit, New York, New York, must be filed within thirty (30) days of the date of judgment in this action.** *See* **Fed.R.App. 4(a)(1). Further, the court certifies under Rule 24(a)(3)(A) of the Federal Rules of Appellate Practice that any appeal by Plaintiff of the foregoing Decision and Order would not be in good faith as the paucity of the record fails to establish a triable issue of fact for any Eighth Amendment claim. As such, requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24(a)(5) of the Federal Rules of Appellate Procedure.**

SO ORDERED.

/s/ *Leslie G. Foschio*

　　　　　　　　　　　　　LESLIE G. FOSCHIO
　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

DATED:　　　June 9 , 2005
　　　　　　　　Buffalo, New York